16 F.3d 1219
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Clarence Alonzo HINTON, Plaintiff-Appellant,
v.
Daniel DONEY, Defendant-Appellee.
 No. 93-2050.
 United States Court of Appeals, Sixth Circuit.
 Jan. 26, 1994.
 
 Before: NELSON and NORRIS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Clarence Alonzo Hinton, pro se, appeals a district court order granting summary judgment in favor of the defendant in this civil rights complaint filed under 42 U.S.C. Sec. 1983. The defendant is a corrections officer at the Marquette Branch Prison in Marquette, Michigan. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In his complaint, Hinton alleged that defendant Doney subjected him to cruel and unusual punishment and denied him his due process rights by causing him to receive several misconduct tickets, by causing him to be placed on "food loaf" diet on at least two occasions, by refusing him access to the showers, and by harassing him whenever Hinton has been placed under Doney's authority in the prison. The matter was referred to a magistrate judge, who discussed each of the allegations in detail and recommended that summary judgment be granted in favor of the defendant. Upon de novo review of this report and recommendation, and consideration of the plaintiff's objections to the report, the district court adopted the report and recommendation, granting summary judgment for the defendant and dismissing the action by judgment entered July 19, 1993.
 
 
 3
 On appeal, Hinton repeats the arguments presented to the district court, specifically: 1) defendant Doney "wantonly inflicted ... cruel and unusual punishment" by wrongfully applying the "food loaf policy" to him, considering Hinton's alleged ill health; 2) Hinton has been put on food loaf for consecutive "weeks and months," rather than a few days, as found by the district court; 3) defendant Doney has harassed Hinton in several ways, by denying him showers, taunting him with a cigarette lighter, denying him meals, and rushing his prison cell with chemical agents, all in violation of his Eighth Amendment rights; and 4) Hinton has been placed in administrative segregation for fourteen years, without justification. Within his appellate brief, the prisoner also requests the appointment of counsel.
 
 
 4
 This court's review of a grant of summary judgment is de novo, using the same test as used by the district court. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 5
 Although it is clear that Hinton received misconduct tickets, has lost certain privileges, was placed in administrative segregation, and was assigned to food loaf diet because of the misconduct charges, the record is equally clear that these prison officials complied with all of the requirements necessary to impose this punishment as set forth in Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974). Moreover, Hinton's due process rights were satisfied, because the record contains evidence supporting the Prison Disciplinary Board's finding of guilt in each case described within his complaint. See Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455-56 (1985). Therefore, Hinton's claim, that he was unconstitutionally punished as a result of certain misconduct charges that he allegedly received as a result of pure "harassment" on the part of a prison guard, is without merit.
 
 
 6
 The facts as alleged fail to establish unnecessary and wanton infliction of pain or deliberate indifference to Hinton's needs in prison, in order to implicate the Eighth Amendment. Wilson v. Seiter, 111 S.Ct. 2321, 2323-25 (1991); Estelle v. Gamble, 429 U.S. 97, 104-06 (1976). A diet of food loaf does not violate the prohibition against cruel and unusual punishment, because it has been shown that these loaves meet nutritional and caloric requirements for humans. Cunningham v. Jones, 567 F.2d 653, 656 (6th Cir.1977). Hinton admitted that, even without a shower, he had access to running water within his prison cell. Thus, the isolated incidents in which the guards refused Hinton a shower did not deprive the prisoner of the "minimal civilized measure of life's necessities," to form the basis of an Eighth Amendment violation. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Similarly, the accusations that Doney has "taunted" Hinton, either verbally or by use of a cigarette lighter, are insufficient to support a claim under the Eighth Amendment. See Ivey v. Wilson, 832 F.2d 950, 955 (6th Cir.1987). Lastly, the allegation that the described incidents were not isolated, but part of a continuous and ongoing form of harassment, was not properly submitted to the district court in the first instance and need not be considered by this court for the first time, on appeal. See Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-45 (6th Cir.1991).
 
 
 7
 Accordingly, Hinton's request for counsel is denied, and the district court's order granting the defendant's motion for summary judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.